UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSE IBARRA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-2127 |
| | ) |
| KEITH O. ANGLIN, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION**

This case is before the court for ruling on the Motion to Dismiss (#48) filed by Defendants, Keith Anglin, James Bailey, Ronald Derrickson, Larry Gustin, Jaime Hernandez, John Myers, and Judy Oakley. Following this court's careful consideration of the arguments of the parties, Defendants' Motion to Dismiss (#48) is GRANTED. In addition, Plaintiff's Motion for Leave to File Amended Complaint (#61) is DENIED in part and GRANTED in part.

BACKGROUND

On May 8, 2012, Plaintiff filed a pro se Complaint (#1) against Warden Keith O. Anglin, John Myers, Larry Gustin, Judy Oakley, Joseph T. Smith, James Bailey, Correctional Officer Bradwer, Dr. Tweedy, Jaime Hernandez, and Ronald Derrickson, brought pursuant to 42 U.S.C. § 1983. Plaintiff alleged that, while he was incarcerated at Danville Correctional Center, he complained to various Defendants that his cellmate was threatening to hurt him. Plaintiff alleged that he asked to be separated from the cellmate, but nothing was done to protect him. Plaintiff alleged that he was attacked and injured by his cellmate on December 14, 2011. Plaintiff alleged that he suffered a broken nose as well as injuries to his

eyes, mouth, and head. Plaintiff alleged that Defendants Anglin, Gustin, Bailey, Bradwer, Tweedy, Hernandez, and Derrickson were deliberately indifferent to a serious risk of harm, in violation of his constitutional rights.

Plaintiff also alleged that Defendants Myers, Oakley, and Smith subjected him to cruel and unusual punishment and denied him his right to due process because there were flaws in the administrative disciplinary procedure whereby he was found guilty of assaulting his cellmate on December 14, 2011. Plaintiff attached documentation to his Complaint which showed that, following the altercation on December 14, 2011, Plaintiff was placed on Investigational Status by Defendant Myers. Subsequently, Defendant Myers wrote an inmate disciplinary report which cited Plaintiff for "assaulting any person (fighting with a weapon)." On January 10, 2012, the Adjustment Committee, consisting of Defendants Oakley and Smith, conducted a hearing in which it considered the inmate disciplinary report and found Plaintiff guilty of the offense. The Final Summary Report stated that the finding of guilty was based upon Plaintiff's admission that he kicked his cellmate and evidence showing that Plaintiff attacked his cellmate with a wound up extension cord and an altered ink pen. The Adjustment Committee, with the final approval of Defendant Anglin, disciplined Plaintiff with: (a) one year C-Grade status; (b) one year segregation; (c) revocation of one year of good conduct credits; (d) disciplinary transfer; and (e) restitution. The Final Summary Report stated that it was served on Plaintiff on January 27, 2012. Plaintiff was transferred to Menard Correctional Center on February 8, 2012. Plaintiff alleged in his Complaint that he did not receive a copy of the Final Summary Report until April 3, 2012.

In his pro se Complaint (#1), Plaintiff stated that he was suing Defendants in their individual and/or official capacities. Plaintiff requested declaratory relief and damages and also requested injunctive relief "protecting Plaintiff [from] negligent treatment by staff."

On June 20, 2012, this court held a merit review hearing and ordered that Plaintiff's case could proceed. Subsequently, all Defendants except Smith and Bradwer waived service. Dr. Tweedy is represented by Attorneys Matthew Lurkins and Brian Michael Smith. Defendants Anglin, Bailey, Derrickson, Gustin, Hernandez, Myers, and Oakley are represented by Attorney Lisa A. Cook.

On October 5, 2012, a Case Management Order (#45) was entered. On October 9, 2012, this court allowed Defendants leave to file a Motion to Dismiss. On October 9, 2012, Defendants Anglin, Bailey, Derrickson, Gustin, Hernandez, Myers, and Oakley filed a Motion to Dismiss (#48) and a Memorandum in Support (#49). Defendants argued that Plaintiff's Complaint is deficient under the federal pleading standard as to any claims against Defendants Anglin, Gustin, and Hernandez. Defendants also argued that Plaintiff fails to state a claim upon which relief can be granted for a violation of due process. Defendants noted that, to the extent that Plaintiff challenges the finding of guilt by the Adjustment Committee or the discipline imposed, such a claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In addition, Defendants argued that Plaintiff is precluded from suing Defendants in their official capacities and is barred from seeking the injunctive relief he requests.

On October 19, 2012, Plaintiff filed a pro se Response to Motion to Dismiss (#54) and asked this court to deny Defendants' Motion. On October 30, 2012, Plaintiff filed a Motion

for Leave to File an Amended Complaint (#61). Plaintiff attached a copy of a proposed Amended Complaint. In the proposed Amended Complaint, Plaintiff included additional factual allegations regarding Defendants Anglin, Gustin, and Hernandez in support of his claim that Defendants were deliberately indifferent to a serious risk of harm. Plaintiff stated that Defendants were sued in their individual capacity and omitted any statement regarding suing them in their official capacity. Plaintiff also omitted his request for injunctive relief. Plaintiff included a claim that Defendants Myers and Oakley subjected him to cruel and unusual punishment and denied him his right to due process because there were flaws in the administrative disciplinary procedure.

## ANALYSIS

### I. MOTION TO DISMISS

This court agrees with Defendants that the factual allegations in Plaintiff's Complaint (#1) regarding Defendants Anglin, Gustin, and Hernandez were insufficient. This court also agrees with Defendants that Plaintiff is precluded from suing Defendants in their official capacities and is barred from seeking the injunctive relief he requested. While Plaintiff disputed these arguments in his Response to the Motion to Dismiss, his proposed Amended Complaint indicates that he has conceded these points and is seeking to amend his Complaint accordingly. This court also concludes that the doctrine set out in Heck applies to Plaintiff's claims and requires the dismissal of Plaintiff's claim that he was subjected to cruel and unusual punishment and denied his right to due process because of flaws in the administrative disciplinary procedure.

In Heck, the United States Supreme Court held that "the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." Gilbert v. Cook, 512 F.3d 899, 900 (7th Cir. 2008), citing Heck, 512 U.S. at 486-87. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended this doctrine to the decisions of prison disciplinary tribunals. Gilbert, 512 F.3d at 900. The Supreme Court in Edwards held that claims which "necessarily imply the invalidity of the deprivation of [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 unless the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. Edwards, 520 U.S. at 646-48. Heck and Edwards prevent a litigant from contradicting a valid judgment. Gilbert, 512 F.3d at 901. Therefore, because the Adjustment Committee's finding of guilty has not been invalidated, Plaintiff is bound by this finding. See Gilbert, 512 F.3d at 900.

Accordingly, this court concludes that Plaintiff cannot raise his challenge to the administrative disciplinary procedure, which resulted in the loss of one year of good time credit and has not been invalidated, in this case brought pursuant to 42 U.S.C. § 1983. See Edwards, 520 U.S. at 646-48. Because Plaintiff's claim necessarily implies that his good time was wrongly revoked, his federal remedy at this point is to invalidate the good time revocation via habeas corpus, after he has exhausted his state remedies. See Harris v. Ashby, 2012 WL 414255, at *1 (C.D. Ill. 2012). Accordingly, Plaintiff's claim that Defendants Myers, Oakley, and Smith subjected him to cruel and unusual punishment and denied him

his right to due process because there were flaws in the administrative disciplinary procedure must be dismissed. See Edwards, 520 U.S. at 649.

This court notes that there may be Heck problems with Plaintiff's claim of deliberate indifference to a serious risk of harm as well. Plaintiff claims that Defendants failed to protect him and separate him from his cellmate, resulting in Plaintiff's injuries when his cellmate assaulted him on December 14, 2011. This is even though disciplinary sanctions were imposed on Plaintiff based upon Plaintiff's conduct on the same date, December 14, 2011. Plaintiff was found guilty of assaulting his cellmate (fighting with a weapon), a finding Plaintiff cannot challenge based upon Heck unless the disciplinary decision has been invalidated. If the disciplinary decision has not been invalidated, Heck and Edwards preclude Plaintiff from maintaining a civil rights suit if a judgment in his favor would "necessarily imply" that the ruling in his prison disciplinary case was invalid. See Moore v. Mahone, 652 F.3d 722, 723 (7th Cir. 2011). Heck "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." Moore, 652 F.3d at 723, citing Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003). However, "[o]nly a claim that 'necessarily' implies the invalidity of a conviction or disciplinary board's sanction comes within the scope of Heck." Gilbert, 512 F.3d at 902. This court concludes that Plaintiff's claim is not necessarily barred by Heck. Plaintiff may be able to allege that Defendants failed to protect him from an assault by his cellmate without contesting that he assaulted his cellmate on the same date. This court warns Plaintiff,

however, that he cannot challenge the findings made by the disciplinary board in stating his claim. See Moore, 652 F.3d at 726.

## II.  MOTION FOR LEAVE TO FILE

Plaintiff has asked for leave to file an amended complaint and attached a proposed Amended Complaint to his Motion. This court denies Plaintiff's request to file the attached proposed Amended Complaint because the proposed Amended Complaint includes Plaintiff's claim that he was subjected to cruel and unusual punishment and denied his right to due process because of flaws in the administrative disciplinary procedure, a claim which is barred by Heck and Edwards. However, this court grants Plaintiff's request to file an amended complaint and allows Plaintiff 30 days to file an amended complaint. Plaintiff's amended complaint should include additional factual allegations regarding Defendants Anglin, Gustin, and Hernandez, omit any claims against Defendants in their official capacities, and omit a request for injunctive relief. Plaintiff is also warned that he cannot challenge the findings made by the disciplinary board in stating his claim or his claim will be subject to dismissal under Heck.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion to Dismiss (#48) is GRANTED. This court concludes that the factual allegations in Plaintiff's Complaint (#1) regarding Defendants Anglin, Gustin, and Hernandez were insufficient and that Plaintiff is precluded from suing Defendants in their official capacities and is barred from seeking the injunctive relief he requested. This court also concludes that the doctrine set out in Heck v. Humphrey applies to Plaintiff's claims and

requires the dismissal of Plaintiff's claim that he was subjected to cruel and unusual punishment and denied his right to due process because of flaws in the administrative disciplinary procedure. Therefore, Plaintiff's claim regarding the disciplinary proceeding is dismissed and Defendants Myers, Oakley and Smith are terminated as Defendants.

(2) Plaintiff's Motion for Leave to File an Amended Complaint (#61) is DENIED in part and GRANTED in part. Because Plaintiff's proposed Amended Complaint includes his claim regarding the disciplinary proceeding, Plaintiff is denied leave to file the proposed Amended Complaint attached to his Motion. Plaintiff is allowed 30 days to file an Amended Complaint which includes additional factual allegations regarding Defendants Anglin, Gustin, and Hernandez and which omits any claims against Defendants in their official capacities and omits a request for injunctive relief. Plaintiff is also warned that he cannot challenge the findings made by the disciplinary board in stating his claim or his claim will be subject to dismissal under Heck.

ENTERED this 2nd day of November, 2012.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE