UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSE IBARRA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 12-CV-2127 |
| ) | |
| KEITH O. ANGLIN, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

This case is before the court for ruling on the Motion to Dismiss (#76) filed by Defendant, Dr. Maureen Tweedy, and the Motion to Dismiss (#84) filed by Defendants, Keith Anglin and Jaime Hernandez. Following this court's careful consideration of the arguments of the parties, Defendants' Motions to Dismiss (#76, #84) are GRANTED. Because of this ruling, Defendant Tweedy's Motion to Stay Discovery (#94) is MOOT. In addition, Plaintiff's Motion for Leave to Attach Exhibits to Plaintiff's Complaint (#93) is DENIED.

## BACKGROUND

On May 8, 2012, Plaintiff filed a pro se Complaint (#1), brought pursuant to 42 U.S.C. § 1983, against Warden Keith O. Anglin, John Myers, Larry Gustin, Judy Oakley, Joseph T. Smith, James Bailey, Correctional Officer Bradwer, Dr. Tweedy, Jaime Hernandez and Ronald Derrickson. Plaintiff alleged that, while he was incarcerated at Danville Correctional Center, he complained to various Defendants that his cellmate was threatening to hurt him. Plaintiff alleged that he asked to be separated from the cellmate, but nothing was done to protect him. Plaintiff alleged that he was attacked and injured by his cellmate on December

14, 2011. Plaintiff alleged that he suffered a broken nose as well as injuries to his eyes, mouth and head. Plaintiff alleged that Defendants Anglin, Gustin, Bailey, Bradwer, Tweedy, Hernandez and Derrickson were deliberately indifferent to a serious risk of harm, in violation of his constitutional rights. Plaintiff also alleged that Defendants Myers, Oakley and Smith subjected him to cruel and unusual punishment and denied him his right to due process because there were flaws in the administrative disciplinary procedure whereby he was found guilty of assaulting his cellmate on December 14, 2011.

On June 20, 2012, this court held a merit review hearing and ordered that Plaintiff's case could proceed. Subsequently, all Defendants except Smith and Bradwer waived service. On October 5, 2012, a Case Management Order (#45) was entered. On October 9, 2012, this court allowed Defendants leave to file a Motion to Dismiss. On October 9, 2012, Defendants Anglin, Bailey, Derrickson, Gustin, Hernandez, Myers and Oakley filed a Motion to Dismiss (#48) and a Memorandum in Support (#49). Defendants argued that Plaintiff's Complaint was deficient under the federal pleading standard as to any claims against Defendants Anglin, Gustin and Hernandez. Defendants also argued that Plaintiff failed to state a claim upon which relief can be granted for a violation of due process. Defendants noted that, to the extent that Plaintiff was challenging the finding of guilt by the Adjustment Committee or the discipline imposed, such a claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994). In addition, Defendants argued that Plaintiff was precluded from suing Defendants in their official capacities and was barred from seeking the injunctive relief he requested.

On October 19, 2012, Plaintiff filed a pro se Response to Motion to Dismiss (#54) and

asked this court to deny Defendants' Motion. On October 30, 2012, Plaintiff filed a Motion for Leave to File an Amended Complaint (#61).

On November 2, 2012, this court entered an Opinion (#63). This court concluded that the factual allegations in Plaintiff's pro se Complaint (#1) regarding Defendants Anglin, Gustin and Hernandez were insufficient and that Plaintiff was precluded from suing Defendants in their official capacities and was barred from seeking the injunctive relief he requested. This court also concluded that the doctrine set out in Heck applied to Plaintiff's claims and required the dismissal of Plaintiff's claim that he was subjected to cruel and unusual punishment and denied his right to due process because of flaws in the administrative disciplinary procedure. Therefore, Plaintiff's claim regarding the disciplinary proceeding was dismissed and Defendants Myers, Oakley and Smith were terminated as Defendants.

This court noted that, in Heck, the United States Supreme Court held that "the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." Gilbert v. Cook, 512 F.3d 899, 900 (7th Cir. 2008), citing Heck, 512 U.S. at 486-87. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended this doctrine to the decisions of prison disciplinary tribunals. Gilbert, 512 F.3d at 900. The Supreme Court in Edwards held that claims which "necessarily imply the invalidity of the deprivation of [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 unless the prison disciplinary decision has otherwise been invalidated, for example by

expungement, a state court order, or a writ of habeas corpus. Edwards, 520 U.S. at 646-48. Heck and Edwards prevent a litigant from contradicting a valid judgment. Gilbert, 512 F.3d at 901. Therefore, because the Adjustment Committee's finding of guilty has not been invalidated, Plaintiff is bound by this finding. See Gilbert, 512 F.3d at 900.

This court further noted that there may be Heck problems with Plaintiff's claim of deliberate indifference to a serious risk of harm as well. Plaintiff claims that Defendants failed to protect him and separate him from his cellmate, resulting in Plaintiff's injuries when his cellmate assaulted him on December 14, 2011. This is even though disciplinary sanctions were imposed on Plaintiff based upon Plaintiff's conduct on the same date, December 14, 2011. Plaintiff was found guilty of assaulting his cellmate (fighting with a weapon), a finding Plaintiff cannot challenge based upon Heck unless the disciplinary decision has been invalidated. If the disciplinary decision has not been invalidated, Heck and Edwards preclude Plaintiff from maintaining a civil rights suit if a judgment in his favor would "necessarily imply" that the ruling in his prison disciplinary case was invalid. See Moore v. Mahone, 652 F.3d 722, 723 (7th Cir. 2011). Heck "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." Moore, 652 F.3d at 723, citing Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003). However, "[o]nly a claim that 'necessarily' implies the invalidity of a conviction or disciplinary board's sanction comes within the scope of Heck." Gilbert, 512 F.3d at 902. This court concluded that Plaintiff's claim is not necessarily barred by Heck. This court

stated that Plaintiff may be able to allege that Defendants failed to protect him from an assault by his cellmate without contesting that he assaulted his cellmate on the same date. However, this court warned Plaintiff that he cannot challenge the findings made by the disciplinary board in stating his claim.  See Moore, 652 F.3d at 726.  This court allowed Plaintiff 30 days to file an amended complaint.

On November 19, 2012, Plaintiff filed his Amended Complaint (#71) against Defendants Anglin, Bailey, Derrickson, Gustin, Hernandez and Tweedy.  Plaintiff alleged that Defendants ignored his numerous complaints of a serious risk of harm and therefore were deliberately indifferent to a serious risk of harm, in violation of his constitutional rights. On December 13, 2012, Defendants Bailey, Derrickson and Gustin filed their Answer (#80) to Plaintiff's Amended Complaint.

On December 7, 2012, this court allowed Defendant Tweedy to file a Motion to Dismiss, and her Motion to Dismiss (#76), with an attached Memorandum in Support, was filed the same day.  On December 21, 2012, this court allowed Defendants Anglin and Hernandez to file a Motion to Dismiss.  On December 21, 2012, Defendants Anglin and Hernandez filed a Motion to Dismiss (#84) and a Memorandum in Support (#85).  On January 3, 2013, Plaintiff filed a pro se Response (#87) to Defendant Tweedy's Motion to Dismiss.  On January 14, 2013, Plaintiff filed a Response (#90) to the Motion to Dismiss filed by Defendants Anglin and Hernandez.  Plaintiff also filed a Memorandum in Support (#91).

MOTIONS TO DISMISS

I.  STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556.

II.  TWEEDY'S MOTION TO DISMISS

In her Motion to Dismiss (#76), Defendant Tweedy argued that Plaintiff's Amended Complaint is deficient under the federal pleading standard as to any claims against Tweedy. Defendant Tweedy also argued that Plaintiff's claim against her is barred by Heck because, in the Amended Complaint, Plaintiff insists that his cellmate started the altercation on December 14, 2011.  In doing so, Plaintiff challenges the finding of the Adjustment Committee that Plaintiff was guilty of assaulting his cellmate on December 14, 2011.

In Plaintiff's Amended Complaint, Plaintiff alleged that, on or about November 29, 2011, he saw Defendant Tweedy in the health care unit of the Danville Correctional Center. Plaintiff then alleged:

> Also there was his assistant but I can't ID his name, but she is

> a young girl about 26 year old, white, and hair long and blond, so I explained to her that my cellmate James was intimidate me with beat me and that I can't sleep, because I felt that my cellmate James could attack me while I was sleeping, she answered that she would talk with the warden Anglin about this.

This court agrees with Defendant Tweedy that it is unclear whether this alleged conversation is alleged to have taken place between Plaintiff and Defendant Tweedy or Plaintiff and Tweedy's unidentified assistant. In addition, according to the Amended Complaint, the very next day, November 30, 2011, Warden Anglin visited Plaintiff to address his concerns. Plaintiff further alleged that, on November 30, 2011, correctional officers and their superiors were aware of the situation and reported that everything was under control.

A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008). Once a prison official knows of a serious risk of harm to an inmate, he has an obligation "to take reasonable measures to abate it." Dale, 548 F.3d at 569, quoting Borello v. Allison, 446 F.3d 742, 747 (7th Cir. 2006). "Of course, an official's response may be reasonable even if it fails to avert the harm." Dale, 548 F.3d at 569, citing Borello, 446 F.3d at 747.

7

Based upon the applicable standard, this court agrees with Defendant Tweedy that, even setting apart the vague and conclusory nature of the allegations against her, the allegations of Plaintiff's Amended Complaint do not in any way suggest that Tweedy was deliberately indifferent to any serious risk of harm to Plaintiff. This court agrees that Plaintiff failed to sufficiently articulate what Defendant Tweedy knew and/or what she did or did not do that could plausibly suggest that she consciously disregarded a serious risk of harm by failing to take reasonable measures to deal with it. See Farmer, 511 U.S. at 847. This court therefore concludes that Plaintiff's claim against Defendant Tweedy must be dismissed. Accordingly, Defendant Tweedy's Motion to Dismiss (#76) is GRANTED. Because of this conclusion, Defendant Tweedy's Motion To Stay Discovery Pending the Court's Ruling on Defendant's Motion to Dismiss (#94) is MOOT.

Also because of this conclusion, this court does not need to consider Defendant Tweedy's additional argument that Plaintiff's Amended Complaint must be dismissed based upon Heck. This court notes, however, that Defendant Tweedy has persuasively argued that, despite this court's warning to Plaintiff that he cannot challenge the findings made by the disciplinary board in stating his claim, Plaintiff's claim of deliberate indifference to a serious risk of harm is premised on Plaintiff being the victim of an unprovoked attack by his cellmate. Accordingly, Plaintiff's Amended Complaint does appear to challenge the Adjustment Committee's final summary report, which concluded that Plaintiff was the initial aggressor and also found Plaintiff guilty of "assaulting any person-inmate."

### III.  ANGLIN AND HERNANDEZ'S MOTION TO DISMISS

In their Motion to Dismiss, Defendants Anglin and Hernandez argued that Plaintiff's Amended Complaint is insufficient to state a claim upon which relief can be granted as to them.  Defendants note that, as to Defendant Anglin, Plaintiff alleged only that he spoke with Anglin on November 30, 2011, and asked for an interpreter but Anglin refused.  Plaintiff then alleged that he "assumed that Warden Anglin knew about [his] problems."  As to Defendant Hernandez, Plaintiff alleged that he presented his concerns to Hernandez who "immediately reported for radio to his superiors, and his superiors responded to him that they knew about this matter and that for the moment all was under control."  This court agrees with Defendants that Plaintiff's own allegations establish that Hernandez responded reasonably to his complaints and presented the issue up the chain of command.  This court also agrees with Defendants that Plaintiff's assumption that Anglin knew about his problems is not sufficient to state a claim under the Eighth Amendment, which requires actual knowledge on the part of an individual.  Plaintiff has argued that the allegations of the Amended Complaint are adequate to show that Anglin knew about the substantial risk because he alleged that Hernandez reported Plaintiff's concerns to his superiors and Anglin is one of Hernandez's superiors.  This argument, however, requires this court to speculate that Anglin may have been one of the superiors Hernandez reported to.  This court concludes that Plaintiff's Amended Complaint does not state a facially plausible claim against Anglin because it does not contain factual content that allows the court to draw the reasonable inference that Anglin is liable for the misconduct alleged.

MOTION FOR LEAVE TO FILE

On March 12, 2013, Plaintiff filed a pro se Motion to Attach Exhibits to Plaintiff's Complaint (#93). Plaintiff asked this court to allow him to attach to his Amended Complaint Defendants' responses to his written discovery requests. Plaintiff argued this was necessary "to prove this action." Rule 26.3 of the Local Rules of the Central District of Illinois provides that responses to written discovery "must not be filed with the clerk of this court' except in very limited circumstances. Accordingly, this court does not generally allow the parties to file responses to written discovery and sees no reason to allow Plaintiff to file these documents as attachments to his Amended Complaint.

IT IS THEREFORE ORDERED THAT:

(1) Defendant Tweedy's Motion to Dismiss (#76) is GRANTED.

(2) The Motion to Dismiss (#84) filed by Defendants Anglin and Hernandez is GRANTED.

(3) Because Defendant Tweedy's Motion to Dismiss has been granted, Defendant Tweedy's Motion to Stay Discovery (#94) is MOOT.

(4) Plaintiff's Motion for Leave to Attach Exhibits to Plaintiff's Complaint (#93) is DENIED.

ENTERED this 5th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE